IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY LOFFREDO, | : | CIVIL ACTION NO. **1:CV-11-1818** |
| | : | |
| Petitioner | : | (Judge Caldwell) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| UNITED STATES, | : | |
| | : | |
| | : | |
| Respondent | : | |

## **REPORT AND RECOMMENDATION**

**I. Procedural Background**.

On September 30, 2011, Petitioner Anthony Loffredo, an inmate at the Allenwood Low Security Correctional Institution ("LSCI-Allenwood"), White Deer, Pennsylvania, filed, *pro se*, a "Motion for Correction of Sentence" in the U.S. District Court for the Eastern District of New York with attached Exhibits. (Doc. 1). The U.S. District Court for the Eastern District of New York construed Petitioner 's filing as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, and on September 30, 2011, transferred Petitioner 's case to U.S. District Court for the Middle District of Pennsylvania. (Doc. 3). Petitioner paid the filing fee. (Doc. 7). Petitioner names as Respondent the United States.[1] The proper Respondent is the Warden at LSCI-Allenwood, William A. Scism. As stated, Petitioner attached Exhibits to his habeas petition, Exs. A-K. We issued a Show Cause Order on October 13, 2011, and ordered service of Petitioner's Habeas Petition on Respondent, and directed Respondent to file a response to it. (Doc. 8).

---

[1]We note that Petitioner has not named the proper Respondent. *See* 28 U.S.C. §2242 and §2243.

Respondent filed its Response to the habeas petition with an Exhibit and Attachments on November 2, 2011. (Doc. 12). After we granted Petitioner an extension of time, he filed his Traverse with Exhibits on November 28, 2011. (Doc. 16). The habeas petition is presently ripe for disposition.[2]

Petitioner essentially claims that Federal Bureau of Prisons ("BOP") incorrectly computed his current federal sentence imposed on June 5, 2000, in the U.S. District Court for the Eastern District of New York, by failing to credit him with prior custody credit for time spent in service of his June 16, 1995 New York State sentence (54 months) and his first federal sentence imposed in the U.S. District Court for the Eastern District of New York on April 17, 1997 (63 months). Petitioner states that 33 months of his first federal sentence of April 17, 1997, was to run concurrently with his June 16, 1995 New York State sentence. Petitioner then contends that the BOP has miscalculated the day from which his June 5, 2000 sentence should run and, he claims that his total prison term should be 252 months (21 years). Petitioner claims that the BOP has miscalculated his aggregated sentence to be 275 months and 18 days (22 years, 11 months and 18 days) which will require him to serve 23 months and 18 days in prison longer than the sentence imposed by the Court on June 5, 2000. Petitioner points out that according to the June 5, 2000 Judgment and Commitment Order ("J&C") of U.S. District Court for the Eastern District of New York, his prison sentence for his racketeering conviction under 18 U.S.C. §1962(c) was 252 months "to run concurrently with the undischarged portions of the [first] Federal and state sentences that [Petitioner] is currently serving." (*See* Doc. 12,

---

[2]The undersigned has been assigned this case for issuance of Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1).

Ex. 1, Att. E).³ Respondent states that Petitioner has been given all applicable prior custody credit by the BOP and that his habeas petition should be denied. Respondent indicates that Petitioner is seeking to receive credit toward his June 5, 2000 (second) federal sentence for the time he spent serving his New York State sentence and his first federal sentence despite the fact that this time was spent before his June 5, 2000 federal sentence was imposed. Petitioner argues Respondent is not correct in asserting that he is trying to receive credit for his prior term of imprisonment he spent serving his New York State sentence.

As relief in his habeas petition, Petitioner seeks this Court to adjust his aggregate sentence by decreasing it 23 months and 18 days in addition to any other prior custody credit to which he is entitled. Thus, Petitioner seeks this Court to direct the BOP to compute his aggregate sentence as 21 years (252 months).

## II. Factual Background.

Petitioner's Exhibits attached to his habeas petition indicate that he exhausted his BOP administrative remedies with respect to his habeas claim regarding the computation of his sentence, and Respondent does not dispute that he exhausted his claim. (Doc. 1, Ex. K).

Since the factual background with respect to Petitioner's sentencing computation are stated in the July 20, 2011 Response of Harrell Watts of the BOP Central Office to Petitioner's final appeal of his administrative remedy, which is supported by the Exhibits of the parties, and since Petitioner states the same background, we recite the facts as Watts states. Watts states as follows:

---

³Petitioner also attached a copy of the Court's June 5, 2000 J&C to his habeas petition, Doc. 1, Ex. C, and to his Traverse, Doc. 16, Ex. D.

> On April 16, 1995, the State of New York sentenced [Petitioner ] to a 9-year term for Criminal Possession of a Controlled Substance. On April 17, 1997, the United States District Court, Eastern District of New York, sentenced [Petitioner ] to a 63-month term of imprisonment [for possession of a firearm by a convicted felon] with 33 months of that term to run concurrent to the state sentence and 30 months to run consecutive to the state sentence. To comply with the [federal] Court's intent, the [BOP] commenced [Petitioner's] federal sentence on April 15, 1998.
>
> On June 5, 2000, the United States District Court, Eastern District of New York, sentenced [Petitioner ] to a 252-month term for Racketeering. The Court ordered this term to run concurrent to the State of New York term and the [first] federal term [Petitioner was] already serving.

(Doc. 1, Ex. K, last page).

Additionally, the evidence shows that on May 2, 1996, while Petitioner was serving his New York State sentence, he was released by New York to the custody of the U.S. Marshal Service ("USMS") pursuant to a federal writ of habeas corpus *ad prosequendum*. (Doc. 12, Ex. 1, Att. C). Petitioner remained in federal custody pending a federal criminal charge in the United States District Court for the Eastern District of New York for being a felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1). (Doc. 12, Ex. 1, Atts. B-F). On April 17, 1997, as stated above, Petitioner was sentenced by the United States District Court for the Eastern District of New York (case number CR-96-331-01) to 63 months in prison and then returned to the custody of New York to continue serving his New York State sentence. (*Id*.). The April 17, 1997 J&C of the United States District Court for the Eastern District of New York was filed as a detainer against Petitioner while he continued serving his state sentence. (Doc. 1, Ex. E).

On April 28, 1997, while Petitioner was serving his New York State sentence, he was released by New York to the custody of the USMS pursuant to a federal writ of habeas corpus *ad*

*prosequendum.* (Doc. 12, Ex. 1, Att. D). Petitioner remained in federal custody pending a federal criminal charge in the United States District Court for the Eastern District of New York for Racketeering, in violation of 18 U.S.C. §1962(c). (Doc. 12, Ex. 1, Atts. B-F). On June 5, 2000, as stated above, Petitioner was sentenced by the United States District Court for the Eastern District of New York to 252 months in prison(case number CR-98-00841-07) and then on June 22, 2000, he was returned to the custody of New York to continue serving his New York state sentence. The June 5, 2000 J&C of the United States District Court for the Eastern District of New York was filed as a detainer against Petitioner while he continued serving his state sentence. (*Id.*).

On November 8, 2000, Petitioner was paroled from his New York State sentence and taken into federal custody on the federal detainers to serve his two federal sentences. (*Id.*, Ex. 1, ¶'s 5 & 8, and Atts. D-G).[4] At this time, Petitioner was then turned over to primary federal custody. (*Id.*).

As mentioned, Petitioner claims that since 33 months of his first federal sentence of April 17, 1997, was to run concurrently with his June 16, 1995 New York State sentence, and since his June 5, 2000 second federal sentence was 252 months in prison to run concurrently with the undischarged portions of his first federal sentence and his state sentence that he was serving, his total prison term should be 252 months (21 years) as opposed to the BOP's calculation of his aggregated prison sentence of 275 months and 18 days.

---

[4]The Designation and Sentence Computation Center ("DSCC") conducted another review of Petitioner's present federal sentences computation and found that Petitioner release date from his New York State sentence was November 8, 2000 and not November 9, 2000. Petitioner attached a copy of the DSCC's finding to his habeas petition, Doc. 1, Ex. F, and to his Traverse, Doc. 16, Ex. B.

5

Thus, Petitioner contends that the BOP is making him to serve 23 months and 18 days in prison longer than his federal sentences require. There is no dispute that as of October 24, 2011, the BOP has projected Petitioner's release date to be June 9, 2017, *via* good conduct time release. (Doc. 12, Ex. 1, ¶ 2).

## II. Discussion.

As mentioned, Petitioner Loffredo seeks a jail credit of 23 months and 18 days for the time he spent serving his New York State sentence and his first federal sentence towards his current 252-month (second) federal sentence. Respondent advances one argument, namely, that Petitioner's habeas petition should be denied since his federal sentences were computed properly by the BOP. Respondent states that after Petitioner filed his instant habeas petition, the Designation and Sentence Computation Center ("DSCC") conducted another review of Petitioner's present federal sentences computation and found that Petitioner's federal sentences were correctly aggregated into a prison term of 22 years, 11 months and 18 days. The DSCC determined that "the date comp begins is 06-15-98 - to ensure the 30 month CS portion [consecutive sentence] of 010 term [April 17, 1997 federal sentence] begins on the date of release from the state ... which was 11-08-00 ... ." (Doc. 1, Ex. F). The DSCC further stated that the "target release date for the CS 30 month term [consecutive sentence] CS portion of 010 term [April 17, 1997 federal sentence] is 01-10-03 (date of release from the state 11-08-00 plus 30 months equals 01-10-03)." (*Id.*). Additionally, the DSCC stated that "in order to reach the target date and ensure we are in compliance with the CS portion of the judgment the [Petitioner's] total term of 63 months must begin on 06-15-98 (to equal a release date of 01-10-03)." (*Id.*).

As indicated, Respondent does not dispute that Petitioner has fully exhausted his BOP administrative remedies with respect to his habeas claim regarding his challenge to the BOP's computation of his federal sentences. *See Moscato v. Federal Bureau of Prisons*, 98 F.3d 757 (3d Cir. 1996) (It is well-settled that before a prisoner can bring a habeas petition under 28 U.S.C. § 2241, administrative remedies must be exhausted).[5] If a prisoner does not exhaust available remedies, the petition should be dismissed. *Arias v. United States Parole Commission*, 648 F.2d 196, 199 (3d Cir. 1981); *Mayberry v. Pettiford*, 2003 WL 21635306 (5th Cir.); *Lindsay v. Williamson*, Civil No. 07-808, M.D. Pa., (7-26-07 Memo, J. Caldwell), slip op. p. 4; *Sherman v. Lindsay*, 2007 WL 3119380 (M.D. Pa.); *Hawk v. Sherman*, 2008 WL 360897, *6 (W.D. Pa.); *Harris v. BOP*, 787 F.Supp.2d 350, 360 (W.D. Pa. 2011).

Further, we find that inasmuch as Petitioner is challenging the BOP's computation of his federal sentences and is not seeking modification of his sentences imposed by the District Court for the Eastern District of New York, he can proceed in a § 2241 habeas petition as opposed to a 28 U.S.C. §2255 motion to modify sentence. *See Chambers v. Holland*, 920 F. Supp. 618, 620 (M.D. Pa. 1996), *aff'd.* 100 F. 3d 946 (3d Cir. 1996) (Table); *Hawk v. Sherman*, 2008 WL 360897, * 6 (W.D. Pa.); *Sherman v. Lindsay*, 2007 WL 3119380 (M.D. Pa. 10-22-07); *Hawkins v. Holt*, 2007 WL 2022091 (M.D. Pa. 7-10-07); *U.S. v. Santiago*, 2010 WL 4536987 (M.D. Pa. 11-3-10)(Court found that §2241 was the proper vehicle to challenge a sentencing credit determination by the BOP and not a §2255 Motion).

---

[5]Exhibits attached to Petitioner's habeas petition, Doc. 1, demonstrate that Petitioner exhausted his administrative remedies regarding his instant improper calculation of sentence habeas claim.

While Petitioner has exhausted his BOP administrative remedies, we find no merit to his present habeas claim. Petitioner requests this Court to direct the BOP to afford him credit toward his federal sentences of 23 months and 18 days. Petitioner contends that the BOP 's 23 month and 18 day discrepancy with his proper sentence of a total of 252 months was arrived "by adding the difference between June 16, 2008, a date of the BOP's own devising, and the June 5, 2000 [federal] sentencing date in case number CR-98-00841-07 [in the District Court for the Eastern District of New York]." (Doc. 16, p. 3). Petitioner states that the "BOP did not aggregate the terms of [his] imprisonment pursuant to 18 U.S.C. §3584(c), but rather increased [his] term of imprisonment by almost 2 years, in violation of the authority delegated to it pursuant to 18 U.S.C. §3585." (*Id*.). Petitioner states that the BOP arrived at the June 16, 2008 date, in trying to be compliant with the April 17, 1997, 63-month sentence imposed by the United States District Court for the Eastern District of New York (case number CR-96-331-01), by subtracting 33 months from his New York State parole date of November 8, 2000. (*Id*., p. 4). Petitioner claims that he is being prejudiced by the BOP since the United States District Court for the Eastern District of New York (case number CR-97-00841-07) in its June 5, 2000 sentence intended him to serve a total term of 252 months for all three of his criminal cases. However, Petitioner contends that the Court failed to elaborate its intention which has resulted in the BOP computing his aggregate sentences to be 23 months and 18 days more than the Court intended it to be.

Respondent argues that since §3585(b) does not allow prior custody to be granted if the inmate received credit toward another sentence, Petitioner cannot receive the credit of 23 months and 18 days he requests in this case. (Doc. 12, pp. 5-6). Respondent also points out that in the

8

sentencing transcript from Petitioner's June 5, 2000 sentence, the United States District Court for the Eastern District of New York (case number CR-97-00841-07) stated as follows:

> I am going to accept the plea agreement and sentence [Petitioner ] to the custody of the Attorney General for a period of 252 months, which is to be served concurrently with the undischarged and unexecuted portion of both the [New York] state and [first] federal sentences which he is currently subjected to. **I am not going to sentence [Petitioner ] to full concurrency which would involve an adjustment of the 252 month agreed-upon sentence because I think taking into account the purpose of sentencing that are set forth in the statute and the nature of the offense, the impact of full concurrency would unduly deprecate the seriousness of the offense here.**

(Doc. 12, Ex. 1, Att. H.  Doc. 1, Ex. B)(emphasis added).

The United States District Court for the Eastern District of New York (case number CR-97-00841-07) further stated that "[it did not] think it appropriate then to further decrease the agreed-upon sentence by adjusting the sentence for the time that's already been served." (*Id.*).

Respondent states as follows:

> Pursuant to 18 U.S.C. §3584(c), "[multiple terms of imprisonment ordered to run consecutively shall be treated for administrative purposes as a single, aggregate term of imprisonment."  At the time of sentencing in case number CR-98-00841-07, the court ordered the term to run concurrently with the existing federal term of CR-96-331-01, and the [New York] state term.

(Doc. 12, p. 6).   Respondent cite to Doc. 12, Ex. 1, ¶'s 10-11 & Atts. I & J.

Respondent then states that based on the June 5, 2000 Order of United States District Court for the Eastern District of New York (case number CR-97-00841-07), "[Petitioner's] federal sentences were aggregated into a single term of 22 years, 11 months and 18 days." (*Id.*).  Respondent again cite to Doc. 12, Ex. 1, ¶'s 10-11 & Atts. I & J.

Additionally, the DSCC did not just arbitrarily determine that Petitioner's sentence computation date began on June 15, 1998, as Petitioner claims. Rather, as stated above, the DSCC determined that "the date comp begins is 06-15-98 - to ensure the 30 month [consecutive sentence] CS portion of 010 term [April 17, 1997 federal sentence] begins on the date of release from the state ... which was 11-08-00 ... ."  (Doc. 1, Ex. F).  Since Petitioner was released from New York State custody on November 8, 2000, his April 17, 1997 federal sentence commenced on June 15, 1998, to make sure that the 30-month consecutive portion of that sentence began on the day he was released from the state. (Doc. 1, Ex. K). *See McCarthy v. Warden USP Lewisburg*, 448 Fed. Appx. 287, 288 (3d Cir. 2011).  Petitioner then had to serve 30 months on his April 17, 1997 federal sentence which term ran until January 10, 2003.  (*See* Doc. 16, Ex. B). Petitioner's June 5, 2000, 252-month sentence then commenced on the day it was imposed, *i.e.*, June 5, 2000. When Petitioner's 252-month sentence was aggregated with his April 17, 1997, 63-month sentence, "a concurrent overlap exist[ed] resulting in an aggregated term in effect." (Doc. 1, Ex. K, BOP Regional Director Norwood's Response of May 31, 2011 to Petitioner's administrative remedy appeal). Further, 18 U.S.C. §3584(c) "requires that multiple terms of imprisonment ordered to run consecutively or concurrently be treated as a single, aggregate terms of imprisonment." *Wiley v. Bureau of Prisons*, 2010 WL 3620393, *7 (W.D. Pa. 9-13-10). "In order to aggregate multiple terms of imprisonment, each sentence to be included in the aggregation must be considered." *Id*.

Moreover, when Petitioner was serving his New York State sentence, he was temporarily taken into federal custody on May 2, 1996, when he was released by New York to the custody of the USMS pursuant to a federal writ of habeas corpus *ad prosequendum* and he remained in the

custody of the USMS until April 17, 1997, when he was sentenced in case CR-96-331-01 and returned to New York to continue serving his state sentence. Then, on April 28, 1997, while Petitioner was still serving his New York State sentence, he was again released by New York to the custody of the USMS pursuant to a federal writ of habeas corpus *ad prosequendum,* and on June 5, 2000, Petitioner was sentenced by the United States District Court for the Eastern District of New York to 252 months in prison(case number CR-98-00841-07). Then, on June 22, 2000, Petitioner was returned again to the custody of New York to continue serving his New York state sentence. We agree with Respondent that New York retained primary jurisdiction over Petitioner during the stated time periods and, that this prison time was credited towards his New York sentence. (Doc. 12, pp. 6-7). We find that during the stated time periods , Petitioner was in New York State primary custody and that these periods of time were already credited toward Petitioner's New York State sentence. During these times, New York retained primary custody over Petitioner, and the federal government did not have primary jurisdiction over him. *See Chambers v. Holland,* 920 F. Supp. 618, 622 (M.D. Pa. 1996).[6]  Thus, Petitioner cannot receive double credit towards this time which he

---

[6]This Court in *Chambers* stated as follows:

> The sovereign which first arrests a defendant has primary jurisdiction over him. *Shumate v. United States*, 893 F.Supp. 137 (N.D.N.Y. 1995), citing *Ponzi v. Fessenden*, 258 U.S. 254, 260-61, 42 S.Ct. 309, 310-311, 66 L.Ed. 607 (1922) and *In re Liperatore,* 574 F.2d 78 (2d Cir. 1978). See also: *Thomas v. Brewer*, 923 F.2d 1361, 1365-67 (9th Cir. 1991).
>
> . . . . .
>
> Primary jurisdiction remains vested in the state which first arrested the defendant until that jurisdiction relinquishes its priority by, e.g.,

already received credit towards his New York State sentence.   As the Court in *Hawk*, 2008 WL 360897, *3, stated:

> Primary custody remains vested in the sovereign that first arrests the individual until it relinquishes its priority by, e.g., bail release, dismissal of the state charges, parole release, or expiration of the sentence.' *Chambers,* 920 F.Supp. at 622 (citations omitted). The determination of priority of custody between a state and the federal government is to be resolved by the executive branches of the two sovereigns. *United States v. Warren,* 610 F.2d 680, 684-85 (9th Cir.1980) (citing *Ponzi,* 258 U.S. at 261-62)."

In our case, the BOP did not give Petitioner prior custody credit under 18 U.S.C. § 3585(b), which is within the BOP's exclusive authority, toward his aggregated federal sentences for the periods of time Petitioner was in the custody of the USMS  pursuant to a federal writ of habeas corpus *ad prosequendum* because Petitioner received credit for these periods toward his New York

---

> bail release, dismissal of the state charges, parole release, or expiration of the sentence. *United States v. Warren,* 610 F.2d 680, 684-85 (9th Cir. 1980).  See also: *Roche v. Sizer*, 675 F.2d 507, 510 (2d Cir. 1982) (holding that federal court relinquished jurisdiction by releasing prisoner on bail).  Primary jurisdiction over a state prisoner ends and federal custody over him commences only when the state authorities relinquish him on satisfaction or extinguishment of the state obligation.  *Smith,* 812 F.Supp. at 370, citing *Thomas v. Whalen*, 962 F.2d 358, 361 n. 3 (4th Cir. 1992).
>
> Producing a state prisoner under writ of habeas corpus ad prosequendum to answer federal charges does not relinquish state custody.  *Thomas v. Brewer,* 923 F.2d at 1366-67.  See also: *Salley v. United States*, 786 F.2d 546, 547-48 (2d Cir. 1986) (defendant produced and sentenced in federal court via writ of habeas corpus ad prosequendum did not begin to serve consecutive federal sentence until delivered into federal custody).

920 F. Supp. at 622.

12

State sentence. Thus, as Respondent correctly states, since Petitioner was credited toward his New York State sentence for the stated time periods, he cannot be given credit toward his federal sentence for any of this time period. *See Hawk v. Sherman*, 2008 WL 360897, * 4 -*5 (W.D. Pa.).

We find that the DSCC's recent computation of Petitioner's federal sentences properly calculated the amount of prior custody credit to which Petitioner is entitled under § 3585(b). (Doc. 1, Ex. K & Doc. 16, Ex. B). As discussed, Petitioner received credit toward his New York State sentence for the periods he was in the custody of the USMS pursuant to a federal writ of habeas corpus *ad prosequendum*. As the *Hawk* Court stated, "[u]nder the express terms of 18 U.S.C. § 3585(b), the BOP may not grant prior custody credit for time served in official sentence. *See also Vega v. United States,* 493 F.3d 310, 314 (3d Cir.2007) (the BOP did not err when it disallowed prior custody credit under 18 U.S.C. § 3585(b) because the time at issue had been credited against the petitioner's state parole violation); *Rios v. Wiley,* 201 F.3d 257, 272 (3d Cir.2001)." *Hawk v. Sherman*, 2008 WL 360897, * 7; *Brown v. Sniezek*, Civil No. 07-2267, M.D. Pa. Petitioner is not entitled to double sentencing credit which is prohibited by §3585(b). *See Harris v. BOP*, 787 F.Supp.2d 350, 359-360 (W.D. Pa. 2011).

We find that the prior custody credit which Petitioner seeks in this case is within the BOP's authority pursuant to § 3585(b),[7] and that Petitioner already received credit for the stated time

---

[7]18 U.S.C. § 3585 provides:
    (a) Commencement of sentence. -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

13

periods toward his New York State sentence.

Thus, we find that the BOP has correctly calculated Petitioner's aggregated federal sentences to be 22 years, 11 months and 18 days, and we shall recommend that his habeas petition (Doc. 1) be denied.

**III. Recommendation**.

Based on the foregoing, it is respectfully recommended that Petitioner Loffredo's Petition for Writ of Habeas Corpus **(Doc. 1)** be denied.

s/ **Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: April 12, 2012**

IN THE UNITED STATES DISTRICT COURT

---

> (b) Credit for prior custody. -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --
>
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY LOFFREDO, | : | CIVIL ACTION NO. **1:CV-11-1818** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| UNITED STATES, | : | |
| Respondent | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **April 12, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                      s/ Thomas M. Blewitt
                                        **THOMAS M. BLEWITT**
                                        **United States Magistrate Judge**

**Dated: April12, 2012**