UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY LOFFREDO,<br>          Petitioner | :<br>: |
| | : |
| v. | :   CIVIL NO. 1:11-CV-1818 |
| | : |
| UNITED STATES,<br>          Respondent | :<br>: |

*O R D E R*

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

We are considering Petitioner's objections to the Report and

Recommendation ("R&R") of Magistrate Judge Blewitt, which recommends that we deny

his petition for habeas relief.

Petitioner's objection consists of the same argument he presented to the

magistrate judge.  Petitioner asserts that his total aggregate sentence should be 252

months, not the current sentence of 275 months and 18 days.

As explained by the magistrate judge, Petitioner was sentenced to a 9-year

term by the State of New York on April 16, 1995.  On April 17, 1997, the United States

District Court for the Eastern District of New York sentenced Petitioner to a 63-month

term of imprisonment, with 33 months to run concurrently with his state sentence and 30

months to run consecutively.  For the reasons set forth in the magistrate judge's report,

Petitioner's federal sentence commenced on April 15, 1998.  On June 5, 2000, the

Eastern District of New York sentenced Petitioner to a 252-month term to run

concurrently with his previous state and federal sentences.  This sentence began to run on the day of sentencing, June 5, 2000.  Pursuant to 18 U.S.C. § 3584(c), the Bureau of Prisons ("BOP") aggregated Petitioner's federal sentences, resulting in a sentence of 275 months and 18 days.

Petitioner argues his total aggregate sentence should be "252 months with all three cases included."  (Doc. 23, at 3).  Petitioner's interpretation of his sentence is based on the sentencing transcript, wherein the sentencing judge explains that the 252-month sentence "is to be served concurrently with the undischarged and unexecuted portion of both the [New York] state and [first] federal sentences."  (Doc. 12, Ex. 1, Att. H).  Petitioner contends that this explanation entitles him to a reduction of his sentence from 252 months to 224 months and 23 days.  Petitioner's argument, however, fails, as the sentencing judge also noted that he did not sentence Petitioner to "full concurrency which would involve an adjustment of the 252 agreed-upon sentence."  (Id.)  We find the BOP properly calculated Petitoner's sentence.

ACCORDINGLY, this 12th day of July, 2012, upon consideration of the report and recommendation of the magistrate judge (Doc. 19), filed April 12, 2012, to which objections were filed, and upon independent review of the record, it is ORDERED that:

1.  The magistrate judge's report is adopted (Doc. 19).

2.  Petitoner's objection (Doc. 23) is overruled.

3.  Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is denied.

2

4. The Clerk of Court shall close this file.

  /s/ William W. Caldwell  
William W. Caldwell
United States District Judge